513 So.2d 369 (1987)
Mary Ann Marshall BENDLER
v.
Irene Wright MARSHALL.
No. CA-6337.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1987.
Writ Denied November 20, 1987.
Nancy J. Marshall, Deutsch, Kerrigan & Stiles, New Orleans, for plaintiff-appellant.
Alvin J. Liska, and Charles E. Cabibi, Cabibi & Cabibi, New Orleans, for defendant-appellee.
Before GARRISON and BYRNES, JJ., and HUFFT, J. Pro Tem.
*370 GARRISON, Judge.
The plaintiff, Mary Ann Marshall Bendler, was married to Dr. Rudolph James Marshall from 1943 until 1971 when their marriage ended in divorce. The defendant, Irene Wright Marshall, was married to Dr. Marshall from 1972 until his death in 1975. From 1957 until his death in 1975, Dr. Marshall was employed by the United States government as a physician with the Veterans Administration Hospital in New Orleans. For the duration of that employment, Dr. Marshall made contributions to a retirement and/or death benefits plan established for U.S. government employees under 5 U.S.C. § 8331 et seq. Also during that period, the U.S. government made contributions to the above-mentioned plan on account of Dr. Marshall at a rate specified by 5 U.S.C. § 8331.
At the time that the community property belonging to plaintiff and Dr. Marshall was partitioned, pension rights were not considered and, thus, did not form a part of the community property settlement. After Dr. Marshall's death, his surviving spouse, the defendant in this case, applied to the U.S. Civil Service Commission's Office of Personnel Management for death benefits and was awarded a survivor widow's annuity. She has been receiving payments from the U.S. government for this annuity since the time of her application.
In 1979, the plaintiff filed this lawsuit against the defendant praying for judgment in an amount equal to one-half of the portion of the pension and/or death benefits attributable to the service of Dr. Marshall during the existence of the community between plaintiff and Dr. Marshall as said benefits become payable and for those benefits previously paid. In 1980, the plaintiff applied to the U.S. government's Office of Personnel Management for survivor benefits on behalf of the death of Dr. Marshall. The Office of Personnel Management responded that plaintiff was not entitled to such benefits. In 1982, the defendant's exception of no right of action was sustained as to the dismissal of plaintiff's action to receive any portion of decedent's military retirement benefits and overruled as to plaintiff's action regarding decedent's Civil Service Retirement Benefits under 5 U.S.C. § 8331 et seq.
After trial in this matter in 1985, the trial judge entered judgment in favor of the plaintiff for an amount equal to one-half of the total contributions made by the Federal employee, Dr. Marshall, to the annuity plan during the existence of the community between plaintiff and Dr. Marshall which terminated on August 25, 1971. The judge stated that the plaintiff was receiving an award of reimbursement for half of the community contributions rather than an interest in the survivor's annuity. In that judgment, the trial judge added that all other demands and an accounting in this matter were to be continued to a later date when further evidence would be presented. Both plaintiff and defendant appeal the decision of the trial court.
Defendant bases her appeal of the decision of the trial court on the case of Matter of Succession of Sims, 464 So.2d 991 (La.App.1st Cir.1985), writ denied, 467 So.2d 532 (La.1985) and 467 So.2d 541 (La.1985). In that case, the First Circuit interpreted the applicable federal statutes and regulations and stated that:
"The foregoing statutes and regulations make it clear that the terms `retirement annuity' or `retirement benefit' are not synonymous with `survivor annuity'. A retirement benefit or annuity is based on five or more years of creditable service and an attained age specified by statute. No retirement benefit or annuity can be paid the individual who was employed by the federal government until he/she is separated from service and only then if the former employee applies for the benefit. In contrast, a survivor annuity, in the case of a surviving spouse, is based on a minimum of 18 months of service by the deceased employee and marriage to the deceased employee `at least 1 year immediately before... death.' 5 U.S.C.A. Sec. 8341(a) and (d)."
The Sims court also pointed to a federal regulation which states that retirement benefits are subject to apportionment by *371 court order only when the employee is living. Sims also held that state property laws in conflict with federal statutes and regulations are pre-empted by those federal statutes and regulations.
Defendant's main argument is that because Dr. Marshall never retired from his job with the U.S. government, the benefit awarded to defendant is not a retirement annuity; rather, it is a survivor annuity due to the fact that Dr. Marshall died while still employed. Defendant argues that because she was the "surviving wife" within the meaning of 5 U.S.C. § 8341(a), i.e. the surviving wife of an employee who was married to him for at least one year immediately before his death, she alone is entitled to the survivor annuity.
We agree with the defendant. According to the Sims interpretation of the above-mentioned federal statutes and regulations, the benefit awarded by the U.S. government to the defendant is a survivor annuity and the defendant is clearly the only person entitled to this annuity due to the fact that she is the designated survivor.[1] Following this interpretation, we find that plaintiff is not entitled to a prorated share of the benefits received by the defendant as plaintiff claimed at trial and now claims in her cross-appeal. Thus, we affirm the portion of the trial court's holding denying plaintiff a prorated interest in the survivor's annuity.
The only remaining issue is whether or not the trial judge was correct in awarding plaintiff reimbursement from the defendant for an amount equal to one-half of the contributions made by Dr. Marshall to the annuity plan during the existence of the community between plaintiff and Dr. Marshall. We find that the trial judge erred in making this award. While plaintiff is entitled to make a claim for reimbursement, she is not entitled to make that claim against the defendant, who is the decedent's surviving spouse and designated survivor for purposes of the decedent's annuity plan. Sims, supra, held that neither the survivor annuity being paid to decedent's surviving spouse nor the surviving spouse, individually, is subject to any claim by decedent's former wife.
Therefore, because we find that decedent's surviving spouse is not the proper party to be held accountable to decedent's former wife for reimbursement of half of the first community's contribution to decedent's retirement/death benefit plan, we reverse the portion of the trial court judgment awarding decedent's former wife reimbursement by decedent's surviving spouse for an amount equal to one-half of the contributions made by decedent to the retirement/death benefit plan during the existence of the community between decedent and his former wife.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[1] We note in passing that this result could be different if the facts of the case came under the Civil Service Retirement Spouse Equity Act of 1984, 5 U.S.C. § 8331 et seq.